**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4940**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JUAN CARLOS MARTINEZ,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.    David A. Faber, Senior District Judge.  (7:12-cr-00037-FA-8)

_____

Submitted:  August 18, 2015        Decided:  August 20, 2015

_____

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

W.H. Paramore, III, W.H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.    Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Martinez pled guilty in accordance with a written plea agreement to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951 (2012), and using and carrying firearms during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(B)(i) (2012). He was sentenced to 24 months for the conspiracy and 120 months, consecutive, for the firearm offense. Martinez now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious grounds for appeal. Martinez was advised of his right to file a pro se supplemental brief but has not filed such a brief. Finding no error, we affirm.

Our review of the transcript of Martinez's Fed. R. Crim. P. 11 hearing discloses that the district court fully complied with the Rule, the guilty plea was knowingly and voluntarily entered, and there was a factual basis for the plea. We accordingly affirm Martinez's convictions.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors

2

set forth at 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence . . . satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

After thorough consideration of the record, including the presentence investigation report and the sentencing transcript, we conclude that Martinez's sentence is procedurally and substantively reasonable. With respect to the explanation of the sentence, the court stated that it denied a requested variance because it had granted the Government's motion for a departure based on U.S. Sentencing Guidelines Manual § 5K1.1 (2014), and did not believe that the circumstances warranted a lower sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Martinez's convictions and sentence. This court requires counsel, in writing, to inform Martinez of the right to petition the Supreme Court of the United States for

further review.  If Martinez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Martinez.  We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED